1

2

3

4

5

6

7

8       UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WASHINGTON
9                       AT SEATTLE

10  CASCADE YARNS, INC., a Washington       Case No.
    Corporation,
11
                  Plaintiff,
12
                                            **COMPLAINT FOR TRADEMARK
13       v.                                 INFRINGEMENT AND UNFAIR
                                            COMPETITION**
14  GREAT ADIRONDACK YARN CO.,
    INC., a New York Corporation,           **JURY TRIAL DEMANDED**
15
                  Defendant.
16

17

18       COMES NOW Cascade Yarns, Inc. ("Cascade"), by and through counsel, and files this

19  Complaint in support thereof alleges as follows:

20                **PARTIES, JURISDICTION AND VENUE**

21       1.      Cascade is a Washington corporation with its principal place of business in

22  Tukwila, Washington.  Cascade is one of the nation's finest purveyors of yarns and sells its

23  products through specialty retailers and boutiques throughout the United States.

24       2.      Defendant Great Adirondack Yarn Co., Inc. ("Defendant") is a New York

25  corporation with its principal place of business in Amsterdam, New York.  On information and

26  belief, Defendant manufactures, markets, advertises, distributes, offers for sale and sells yarn and

COMPLAINT FOR TRADEMARK INFRINGEMENT,          **SQUIRE, SANDERS & DEMPSEY (US) LLP**
FALSE DESIGNATION OF ORIGIN, UNFAIR            275 BATTERY STREET, SUITE 2600
COMPETITION, AND TRADEMARK DILUTION - 1        SAN FRANCISCO, CA 94111
Case No.                                       415.954.0200 FAX: 415.393.9887

1    related products to consumers via on-line, printed catalogs and to local yarn stores throughout the

2    United States, including Western Washington.

3            3.        This is an action for trademark infringement and unfair competition arising under

4    the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and for unfair competition and

5    unfair and deceptive acts and practices under the laws of the state of Washington, including

6    Washington's Unfair Business Practices/Consumer Protection Act, RCW 19.86.020, *et seq.*

7            4.        This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

8    § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9            5.        Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant provides

10   services and sells products directly to retailers and/or customers within this district, and a

11   substantial part of the events and omissions giving rise to the claims herein occurred in this

12   district.

13                                            **BACKGROUND**

14           6.        Cascade owns the registered trademark SIERRA for "yarn; wool yarn" in

15   international class 23.  A copy of the Certificate of Registration No. 3567628 is attached hereto as

16   Exhibit A and made a part hereof by this reference.  SIERRA is inherently distinctive and, in any

17   event, as a result of Cascade's long, continuous and exclusive use has acquired secondary

18   meaning associated by customers and the public with Cascade and its yarn products.

19           7.        Cascade has been using SIERRA in interstate commerce in connection with yarn

20   since at least 1997.

21           8.        Cascade enjoys a preeminent reputation in the industry.  It achieved this reputation

22   through its exemplary customer service and its commitments to quality and value.  Cascade has

23   invested considerable resources in promoting its products through advertising and other means.

24   As such, Cascade has developed valuable goodwill in its SIERRA trademark.

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 2
Case No.

9.      On information and belief, Defendant manufactures, markets, advertises, distributes, sells and offers for sale yarns labeled alternatively as "Sierra Yarn," "Adirondack Sierra" and "Hand-dyed Sierra."

10.      Defendant is manufacturing, marketing, advertising, distributing, selling and offering for sale yarns labeled with the SIERRA mark, including, but not necessarily limited to, the above-referenced yarns, in a manner which infringes Cascade's SIERRA trademark. Defendant's use of the SIERRA trademark also is in a manner likely to cause confusion, to cause mistake or to deceive consumers.  A copy of an advertisement for Defendant's "Sierra Yarn," found on Defendant's website at http://www.dknitting.com/hsierra.htm, is attached hereto as Exhibit B and made a part hereof by this reference.

11.      On July 14, 2011, when Cascade became aware of these violations, it corresponded with Defendant and requested that Defendant cease and desist using SIERRA in connection with the sale of its competing hand knitting yarn.  A copy of this correspondence is attached hereto as Exhibit  C and made a part hereof by this reference.

12.      On July 15, 2011, Defendant responded by e-mail:  "If you had taken the time to look in the dictionary, the word sierra has been used since 1952. It is a noun, which has 2 meanings, if you care to check. . . It is also used by many others, in different forms.  I should think as I am a hand dyed yarn company, this product in no way looks like, or has the same colors or properties as the sierra of cascade. I have been using this name since 2001.  You tell me again how I cannot use the noun in the dictionary, or are you also sueing [sic] everyone else?"  That same day, Defendant sent another e-mail claiming:  "over 7 companies I have found using the NOUN Sierra. Doesn't Cascade have anything better yo [sic] do with their time- and not trademarked yet? Huh? Makes me wonder  ."  A copy of these e-mails is attached hereto as Exhibit D and made a part hereof by this reference.

13.      On July 18, 2011, Defendant wrote another letter to Cascade, stating: "In response to this ridiculous letter, I have changed the name of my HAND DYED YARN to **Hand dyed**

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 3
Case No.

SQUIRE, SANDERS & DEMPSEY (US) LLP
275 BATTERY STREET, SUITE 2600
SAN FRANCISCO, CA 94111
415.954.0200 FAX: 415.393.9887

1   **Sierra..**  [sic]  By the way, have been using this name for a long time.  Took you a while."  A

2   copy of this correspondence is attached hereto as Exhibit E and made a part hereof by this

3   reference.

4   14.   In a final attempt to persuade Defendant from willfully continuing to infringe

5   Cascade's SIERRA trademark, on July 27, 2011, Cascade sent a final letter explaining the nature

6   of its claims to Defendant.  Cascade's counsel wrote:  "Your letter evidences a misunderstanding

7   of trademark law and the rights that [Cascade] owns in the word 'SIERRA'. . . Here, Cascade's

8   brand name is SIERRA and, when it is used in connection with fine hand knitting yarns, that

9   name is exclusive to Cascade. . . Your July 18 letter confirms that Great Adirondack continues to

10  trade off the goodwill of Cascade's SIERRA trademark."  Cascade requested written assurance

11  that Great Adirondack would comply with its request and cease using the SIERRA trademark by

12  August 1, 2011.  A copy of this correspondence is attached hereto as Exhibit F and made a part

13  hereof by this reference.

14  15.   Defendant did not substantively respond to Cascade's letter and continues to use

15  the SIERRA trademark without authorization.  On information and belief, Defendant continues to

16  manufacture, market, advertise, distribute, sell and offer for sale products using the SIERRA

17  mark, including, but not necessarily limited to, "Sierra Yarn," "Adirondack Sierra" and/or "Hand-

18  dyed Sierra."  On information and belief, Defendant uses these marks on, *inter alia*, its yarns,

19  website, advertisements and product lists.

20  16.   Defendant's refusal to cease and desist selling yarns with the SIERRA mark

21  evidences that Defendant's unauthorized use of Cascade's SIERRA trademark is willful,

22  intentional and in bad faith.

23  **FIRST CLAIM FOR RELIEF**

24  **(Trademark Infringement -- 15 U.S.C. § 1114(1)(a))**

25  17.   Cascade realleges and incorporates by reference paragraphs 1 through 16 above.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 4
Case No.

18.     Defendant's use of Cascade's SIERRA trademark is a use in commerce of Cascade's registered SIERRA trademark in connection with Defendant's goods that is likely to cause purchasers and potential purchasers confusion or mistake, or to deceive purchasers and potential purchasers.

19.     Even if consumers are not ultimately confused or deceived as to the source of Defendant's goods, Defendant's use of Cascade's SIERRA trademark is calculated to capture the initial attention of consumers and divert them from Cascade's SIERRA products to Defendant's competing products and/or to Defendant's website, where they may locate retailers carrying Defendant's competitive products.

20.     Defendant is thus liable under 15 U.S.C. § 1114(1)(a) for infringement of Cascade's registered SIERRA trademark.

21.     Pursuant to 15 U.S.C. § 1117(a), Cascade is entitled to recover Defendant's profits and the costs of this action.

22.     Because Defendant's use of Cascade's registered SIERRA trademark was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times the actual damages.

23.     This case is an exceptional case under 15 U.S.C. § 1117(a)(3), and Cascade should be awarded its reasonable attorneys fees.

24.     In addition, because Cascade's remedies under 15 U.S.C. § 1117(a), are not sufficient to fully protect Cascade's continuing interest in preserving its marks against future infringements by Defendant and others, Cascade is entitled to an injunction against Defendant's future use of Cascade's registered SIERRA trademark, or any colorable imitation or confusingly similar variation of Cascade's SIERRA trademark.  Cascade is also entitled to an injunction prohibiting any other infringing use by Defendant.

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 5
Case No.

**SQUIRE, SANDERS & DEMPSEY (US) LLP**
275 BATTERY STREET, SUITE 2600
SAN FRANCISCO, CA 94111
415.954.0200 FAX: 415.393.9887

## SECOND CLAIM FOR RELIEF

### (Unfair Competition -- 15 U.S.C. § 1125(a)(1)(A) (Section 43(a)))

25.     Cascade realleges and incorporates by reference paragraphs 1 through 24 above.

26.     Defendant's use of Cascade's SIERRA trademark is a use in commerce of Cascade's SIERRA trademark that is likely to cause confusion or mistake, or to deceive as to affiliation, connection, or association of Defendant with Cascade, or as to the origin, sponsorship, or approval of Defendant's goods by Cascade.

27.     Even if consumers are not ultimately confused or deceived as to the source of Defendant's goods, Defendant's use of Cascade's SIERRA trademark is calculated to capture the initial attention of consumers and divert them to Defendant's website, where they may locate retailers carrying Defendant's competitive products.

28.     Additionally, Defendant has made, and continues to make, deceptive, misleading and literally false statements regarding its yarn products by improperly manufacturing, marketing, advertising, distributing, selling and offering for sale yarns labeled with the SIERRA mark to the extent that this labeling implies Defendant's yarns are Cascade's yarns or leads customers to believe the yarns are associated with or originating from Cascade.

29.     Defendant is thus liable under 15 U.S.C. § 1125(a) for unfair competition, false advertising and false designation of origin for its use of Cascade's registered SIERRA trademark.

30.     Pursuant to 15 U.S.C. § 1117(a), Cascade is entitled to recover Defendant's profits and the costs of this action.

31.     Because Defendant's use of Cascade's registered SIERRA trademark was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times the actual damages.

32.     This case is an exceptional case under 15 U.S.C. § 1117(a)(3), and Cascade should be awarded its reasonable attorneys fees.

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 6
Case No.

SQUIRE, SANDERS & DEMPSEY (US) LLP
275 BATTERY STREET, SUITE 2600
SAN FRANCISCO, CA 94111
415.954.0200 FAX: 415.393.9887

33.     In addition, because Cascade's remedies under 15 U.S.C. § 1117(a), are not sufficient to fully protect Cascade's continuing interest in preserving its marks against future infringements by Defendant and others, Cascade is entitled to an injunction against Defendant's future use of Cascade's registered SIERRA trademark, or any colorable imitation or confusingly similar variation of Cascade's SIERRA trademark.  Cascade is also entitled to an injunction prohibiting any other infringing use by Defendant.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition/Unfair and Deceptive Acts and Practices -- RCW 19.86.020)**

34.     Cascade realleges and incorporates by reference paragraphs 1 through 33 above.

35.     Defendant's conduct constitutes unfair competition and unfair and deceptive business acts and practices under statutory and common law, including, without limitation, Washington's Unfair Business Practices/Consumer Protection Act, RCW 19.86.020, *et seq.*

36.     As a direct and proximate result of Defendant's unlawful conduct, Cascade is suffering irreparable injury to its goodwill, reputation, business, and property, and will continue to suffer such irreparable injury until Defendant is enjoined from using the SIERRA trademark in any form in its business operations.

37.     Cascade is entitled to recover its actual damages, treble damages, costs, and reasonable attorneys' fees to the full extent allowable under applicable state law.

**JURY DEMAND**

38.     Cascade respectfully demands a jury trial on all issues triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Cascade Yarns, Inc. respectfully prays for judgment as follows:

1.     That Defendant be directed to account for and pay to Cascade all damages suffered by Cascade as a result of Defendant's wrongful conduct described above including for Defendant's infringement of Cascade's registered SIERRA trademark and unfair competition, as well as to account for all gains, profits and advantages derived by such wrongful conduct;

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 7
Case No.

SQUIRE, SANDERS & DEMPSEY (US) LLP
275 BATTERY STREET, SUITE 2600
SAN FRANCISCO, CA 94111
415.954.0200 FAX: 415.393.9887

2.     That such damages caused by Defendant be trebled in accordance with 15 U.S.C. § 1117 because its unfair acts were done intentionally and therefore warrant enhanced damages and/or punitive damages as the Court may find appropriate;

3.     For a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116 restraining Defendant, its affiliates, franchises, and subsidiaries from doing, abiding, causing, aiding or abetting any of the following:

a.     Using Cascade's SIERRA trademark, or any colorable imitation or confusingly similar variation of Cascade's SIERRA trademark;

b.     Making any other infringing use of Cascade's SIERRA trademark; and

c.     Otherwise competing unfairly with Cascade in any manner;

4.     That Defendant be directed to file with the Court and serve within thirty (30) days after the service of an injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant complied with the injunction;

5.     That Cascade be awarded actual damages, treble damages, lost profits and attorneys' fees as permitted by Washington's Unfair Business Practices/Consumer Protection Act, RCW 19.86;

6.     That Cascade be awarded its attorneys' fees and costs under the provisions of 15 U.S.C. § 1117;

7.     That Cascade be awarded prejudgment interest on any judgment amount;

8.     That Cascade be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid; and

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 8
Case No.

1        9.      That Cascade be awarded such other and further relief as the court deems

2  equitable, just and appropriate.

3  DATED:  August 16, 2011               SQUIRE, SANDERS & DEMPSEY (US) LLP

4

5                                By:___*/s/  Robert J. Guite*_____

6                                    Robert J. Guite, WSBA No. 25753

7                                Attorneys for Cascade
                                    CASCADE YARNS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION - 9
Case No.

SQUIRE, SANDERS & DEMPSEY (US) LLP
275 BATTERY STREET, SUITE 2600
SAN FRANCISCO, CA 94111
415.954.0200 FAX: 415.393.9887